1 BLAKE J. RUSSUM (SBN 258031)
JACLYN D. CONOVER (SBN 266749)
2 ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
3 Redwood City, CA 94063
Telephone: (650) 364-8200
4 Facsimile: (650) 780-1701
Email: blake.russum@rmkb.com
5 jaclyn.conover@rmkb.com

6 Attorneys for Plaintiffs
GOLDEN EAGLE INSURANCE
7 CORPORATION, THE OHIO CASUALTY
INSURANCE COMPANY and AMERICAN FIRE
8 AND CASUALTY COMPANY

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12 GOLDEN EAGLE INSURANCE                    Case No.
CORPORATION; THE OHIO
13 CASUALTY INSURANCE                         **COMPLAINT FOR**
COMPANY; and AMERICAN FIRE                   **DECLARATORY RELIEF**
14 AND CASUALTY COMPANY,

15                        Plaintiffs,

16 v.

17 WEST TECH MECHANCIAL
INCORPORATED; MALLCRAFT
18 INCORPORATED; and DOES 1-15,
inclusive,
19
                         Defendants.
20

21        Plaintiffs, GOLDEN EAGLE INSURANCE CORPORATION, THE OHIO

22 CASUALTY INSURANCE COMPANY, and AMERICAN FIRE AND

23 CASUALTY COMPANY (collectively referred to herein as "Plaintiffs"), allege as

24 follows:

25                              **PARTIES**

26        1.     Plaintiff, GOLDEN EAGLE INSURANCE CORPORATION

27 ("Golden Eagle"), is, and, at all times herein mentioned, was, an insurance

28 company authorized to do, and doing, business in the State of California.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

COMPLAINT FOR DECLARATORY RELIEF
CASE NO.:

2.      Golden Eagle is a corporation organized under the laws of State of New Hampshire.  Golden Eagle's principal place of business is in Boston, Massachusetts, where its high level officers that direct, control, and coordinate its activities, are located.

3.      Plaintiff, THE OHIO CASUALTY INSURANCE COMPANY ("Ohio Casualty"), is, and, at all times herein mentioned, was, an insurance company authorized to do, and doing, business in the State of California.

4.      Ohio Casualty is a corporation organized under the laws of State of New Hampshire.  Ohio Casualty's principal place of business is in Boston, Massachusetts, where its high level officers that direct, control, and coordinate its activities, are located.

5.      Plaintiff, AMERICAN FIRE AND CASUALTY COMPANY ("American Fire"), is, and, at all times herein mentioned, was, an insurance company authorized to do, and doing, business in the State of California.

6.      American Fire is a corporation organized under the laws of State of New Hampshire.  American Fire's principal place of business is in Boston, Massachusetts, where its high level officers that direct, control, and coordinate its activities, are located.

7.      Plaintiffs are informed and believe, and thereon allege, that defendant WEST TECH MECHANICAL INCORPORATED ("West Tech") is, and, at all times herein mentioned, was, a corporation organized under the laws of the State of California.  Plaintiffs are further informed and believe, and thereon allege, that West Tech's principal place of business is Montclair, California, where West Tech's high level officers that direct, control, and coordinate its activities, are located.

8.      Plaintiffs are informed and believe, and thereon allege, that defendant MALLCRAFT INCORPORATED ("Mallcraft") is, and, at all times herein mentioned, was, a corporation organized under the laws of the State of California.

- 2 -

COMPLAINT FOR DECLARATORY RELIEF
CASE NO.:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Plaintiffs are further informed and believe, and thereon allege, that Mallcraft's

2    principal place of business is Altadena, California, where Mallcraft's high level

3    officers that direct, control, and coordinate its activities, are located.

4                        **JURISDICTION AND VENUE**

5          9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §

6    1332(a)(1), because the amount in controversy exceeds $75,000, and this action is

7    between citizens of different states.

8          10.    Further, this Court has, and should exercise, discretion to award a

9    declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal

10   Rules of Civil Procedure.

11         11.    Venue is proper in the Central District of California pursuant to 28

12   U.S.C. § 1391(b), because West Tech and Mallcraft are located in this District, the

13   events or omissions giving rise to the claim occurred in this District, and the subject

14   insurance policies were delivered to West Tech in this District.

15                        **THE INSURANCE POLICIES**

16         **The CGL Policies**

17         12.    Golden Eagle issued a commercial general liability policy to West

18   Tech, policy CBP8095733, effective November 15, 2013 to November 15, 2016

19   ("Golden Eagle CGL Policy").  The Golden Eagle CGL Policy was delivered to

20   West Tech at 5589 W. Brooks Street, Montclair, California 91763.  The Golden

21   Eagle CGL Policy, subject to its terms, conditions, limitations, and exclusions, has

22   a limit of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate.

23   The Golden Eagle CGL Policy contains the following Additional Insured – Owners,

24   Lessees or Contractors – Completed Operations Endorsement:

25         THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

26         ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS -
27         COMPLETED OPERATIONS

28         This endorsement modifies insurance provided under the following:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Section II - Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

SCHEDULE

Name Of Additional Insured Person(s) Or Organization(s):

ANY PERSON OR ORGANIZATION WHEN YOU AND SUCH PERSON OR ORGANIZATION HAVE AGREED IN WRITING IN A CONTRACT, AGREEMENT OR PERMIT THAT SUCH PERSON OR ORGANIZATION BE ADDED AS AN ADD'L INSURED ON YOUR POLICY TO PROVIDE INSURANCE SUCH AS IS AFFORDED UNDER THIS COVERAGE PART

Location And Description Of Completed Operations:

ANY LOCATION AT WHICH YOU PERFORMED WORK DESCRIBED IN WRITING IN THE CONTRACT, AGREEMENT OR PERMIT FOR A PERSON OR ORGANIZATION THAT HAS BEEN QUALIFIED AS AN ADDITIONAL INSURED IN THIS ENDORSEMENT.

13.     Ohio Casualty issued a commercial general liability policy to West Tech, policy BKO57442079, effective November 15, 2016 to November 15, 2018 ("Ohio Casualty CGL Policy").  The Ohio Casualty CGL Policy was delivered to West Tech at 5589 W. Brooks Street, Montclair, California 91763.  The Ohio Casualty CGL Policy, subject to its terms, conditions, limitations, and exclusions, has a limit of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate.  The Ohio Casualty CGL Policy contains the following Additional Insured – Owners, Lessees or Contractors – Completed Operations Endorsement:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GERENAL LIABILTY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

COMPLAINT FOR DECLARATORY RELIEF
CASE NO.:

SCHEDULE

Name Of Additional Insured Person(s) Or Organization(s):
Blanket Additional Insured agreed

Location and Description Of Completed Operations:
Work described in writing in the contract, agreement or permit.
Location(s) at which you performed work described in written contract, agreement or permit.

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

A.      Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

However:

1.      The insurance afforded to such additional insured only applies to the extent permitted by law; and

2.      If coverage provided to such additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B.      With respect to the insurance afforded to these additional insureds, the following is added to Section III – Limits of Insurance:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1.      Required by the contract or agreement; or

2.      Available under the applicable Limits of Insurance shown in the Declarations; whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

14.     The Golden Eagle CGL Policy and the Ohio Casualty CGL Policy (collectively, the "CGL Policies"), subject to their terms, conditions, limitations, and exclusions, contain the following insuring agreement, which provides, in pertinent part:

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

SECTION I – COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.　　Insuring Agreement

　　a.　　We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages…

* * *

　　b.　　This insurance applies to "bodily injury" and "property damage" only if:

　　　　1)　　The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

15.　　The CGL Policies contain the following pertinent exclusions:

This insurance does not apply to:

* * *

**j.　Damage to Property**

(5)　　That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)　　That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

* * *

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)　　A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)　　A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

16. The CGL Policies contain the following pertinent definitions:

8. "Impaired property" means tangible property, other than "your product" or "your work" that cannot be used or is less useful because:

a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

b. Your fulfilling the terms of the contract or agreement.

* * *

16. "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for in your contract has been completed;

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

- 7 -
COMPLAINT FOR DECLARATORY RELIEF
CASE NO.:

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b.  Does not include "bodily injury" or "property damage" arising out of:

(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

(3) Products or operations for which the classification listed in the Declarations or in a policy schedule, states that products completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

22. "Your work":

a.  Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b.  Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2) The providing of or failure to provide warnings or instructions.

- 8 -

COMPLAINT FOR DECLARATORY RELIEF
CASE NO.:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**The Excess Policies**

17.     Golden Eagle issued a commercial excess liability policy to West Tech, policy number CU 8814624, effective November 15, 2013 to November 15, 2016 ("Golden Eagle Excess Policy").  The Golden Eagle Excess Policy was delivered to West Tech at 5589 W. Brooks Street, Montclair, California 91763.  The Golden Eagle Excess Policy, subject to its terms, conditions, limitations, and exclusions, has a limit of liability of $5,000,000 for each occurrence.  The Golden Eagle Excess Policy lists the Golden Eagle CGL Policy as underlying insurance in the Declarations.

18.     The Golden Eagle Excess Policy defines "insured" as follows: "[a]ny person or organization who is designated as an 'insured' in the WHO IS AN INSURED section of any policy of 'underlying insurance' is an 'insured' but only to the extent that they are an 'insured' thereunder."

19.     The Golden Eagle Excess Policy, subject to its terms, conditions, limitations, and exclusions, contains the following insuring agreement, which provides, in pertinent part:

> Coverage A - Excess Liability
>
> We will pay on behalf of the "insured", damages in excess of the total amount payable under the terms of any "underlying insurance" stated in the Declarations. This coverage is subject to the same terms, conditions, agreements, exclusions and definitions as any "underlying insurance" stated in the Declarations except, when they are inconsistent with provisions of this coverage, in which case the provisions of this coverage will apply.
>
> The amount we will pay for damages is limited as described in Section III - Limits of Insurance.
>
> We have no obligation under this coverage with respect to any claim or "suit" settled without our consent.
>
> Coverage B - Umbrella Liability Insurance
>
> We will pay on behalf of the "insured" those sums in excess of the "self insured retention" or the total amount payable by "other

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

insurance" that the "insured" becomes legally obligated to pay as damages for liability imposed on the "insured" by law or assumed under an "insured contract".

DEFENSE AND SUPPLEMENTARY PAYMENTS - Coverages A & B

1.  We will have the right and duty to defend the insured against any "suit" seeking damages payable under this policy:

a.  Under Coverage A when the applicable limit of "underlying insurance" has been exhausted by the payment of judgments or settlements; or

b.  Under Coverage B when damages are sought for "bodily injury", "property damage", "personal and advertising injury" to which neither "underlying insurance" nor "other insurance" applies.

However, we will have no duty to defend any insured against any "suit" seeking damages for "bodily injury", "property damage", "personal and advertising injury" to which this insurance does not apply.

20.     By endorsement, the Golden Eagle Excess Policy excludes coverage provided under Coverage B, as follows:

COVERAGE B – UMBRELLA LIABILITY DELETED
THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

Coverage B - Umbrella Liability Coverage is deleted in its entirety and no longer forms a part of this policy.

Coverage A - Excess Liability Coverage remains in full force and effect.

21.     American Fire and Casualty Company issued an excess liability policy to West Tech, policy number ESA 57 44 20 79, effective November 15, 2016 to November 15, 2018 ("American Fire Excess Policy").  The American Fire Excess Policy was delivered to West Tech at 5589 W. Brooks Street, Montclair, California 91763.  The American Fire Excess Policy, subject to its terms, conditions, limitations, and exclusions, has a limit of liability of $5,000,000 for each occurrence.  The American Fire Excess Policy lists the Ohio Casualty CGL Policy as underlying insurance in the Declarations.

22.     The American Fire Excess Policy defines "Insured" as "any person or organization qualifying as such in the 'first underlying insurance.'"

23.     The American Fire Excess Policy subject to its terms, conditions, limitations, and exclusions, contains the following insuring agreement, which provides, in pertinent part:

> I. COVERAGE
>
> We will pay on behalf of the Insured the amount of "loss" covered by this insurance in excess of the "Underlying Limits of Insurance" shown in Item 5. of the Declarations, subject to INSURING AGREEMENT Section II., Limits of Insurance. Except for the terms, conditions, definitions and exclusions of this policy, the coverage provided by this policy will follow the "first underlying insurance."
>
> III. DEFENSE
>
> A. We will not be required to assume charge of the investigation of any claim or defense of any suit against you.
>
> B. We will have the right, but not the duty, to be associated with you or your underlying insurer or both in the investigation of any claim or defense of any suit which in our opinion may create liability on us for "loss." If we exercise such right, we will do so at our own expense, but not after the limits of this policy are exhausted.
>
> C. When there is no "underlying insurance" or other insurance available to you because of the exhaustion of all aggregate limits of insurance, we will assume charge of the investigation of any claim or defense of any suit, but only if such aggregate limits were exhausted solely by the actual payment of "loss". If we assume charge, we will do so at our own expense, but not after the limits of this policy are exhausted. (Endorsement CE 65 17 04 99)

## FACTS COMMON TO ALL CLAIMS

24.     On September 10, 2013, construction commenced on a three-story building consisting of approximately 90,000+ square feet, designed with classroom and office facilities on the Glendale Community College District's ("District") Glendale College Campus ("Project").  Mallcraft was the general contractor and West Tech was the HVAC subcontractor on the Project.  Disputes arose between and among the District, Mallcraft, and West Tech, involving delays in the Project's

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

- 11 -

COMPLAINT FOR DECLARATORY RELIEF
CASE NO.:

completion, and claims of unfinished and non-conforming work, which resulted in completion of the Project by Mallcraft and West Tech's sureties.

25. On December 22, 2016, Mallcraft served a Demand for Arbitration on the District for wrongful termination, breach of contract, breach of the covenant of good faith and fair dealing, false representations, failure to disclose, and malicious injury to business reputation. Arbitration commenced as *Mallcraft, Inc. v. Glendale Community College District, et al. and Consolidated Counter-Claims and Counter Demands*, AAA Case No. 01-16-0005-6085 ("Underlying Arbitration").

26. On January 31, 2017, the District filed a Counter-Claim against Mallcraft seeking breach of contract liquidated damages relating to the delay in completion of the Project.

27. On or around September 11, 2017, Mallcraft filed a Counter-Demand against West Tech for indemnification of the District's claims.

28. Golden Eagle and Ohio Casualty agreed to provide a defense to West Tech and Mallcraft of the claims asserted against them in the Underlying Arbitration, subject to a full and complete reservation of rights under the CGL Policies, including but not limited to, the right to file a declaratory relief action, the right to withdraw from the defense, and the right to seek reimbursement and/or allocation of any defense fees attributable to the defense of claims that are not covered by the CGL Policies, pursuant to the California Supreme Court's decision in *Buss v. Superior Court* (1997) 16 Cal.4th 35.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – No Duty to Defend – All Defendants)

29. Plaintiffs hereby repeat and re-allege each and every allegation contained in Paragraphs 1 through 28 as though set forth verbatim herein.

30. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the Parties under the CGL Policies and Excess Policies on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

- 12 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

31.     An actual and real controversy now exists herein between Plaintiffs and the Defendants as to whether insurance coverage is afforded under the CGL Policies and Excess Policies for the claims asserted against West Tech and Mallcraft in the Underlying Arbitration.  Plaintiffs contend that the claims asserted in the Underlying Arbitration have never been, nor are they now, covered, or even potentially covered, under the CGL Policies and/or the Excess Policies.  Plaintiffs contend that they have no duty to defend the Underlying Arbitration under the CGL Policies and/or the Excess Policies, because, in part, the Underlying Arbitration does not seek to recover damages because of "property damage" caused by an "occurrence," from West Tech or Mallcraft, to which the CGL Policies and the Excess Policies might apply.  Moreover, even if the District sought to recover from West Tech or Mallcraft on a claim for damages because of "property damage" caused by an "occurrence," which it does not, coverage would be excluded by application of the CGL Policies and the Excess Policies' exclusions.  Plaintiffs are informed and believe that the Defendants contend that the claims described in the Underlying Arbitration are covered, or at least potentially covered, under the CGL Policies and the Excess Policies.  Therefore, Plaintiffs seek a determination of their rights and duties under the CGL Policies and the Excess Policies, and a judgment in their favor that Plaintiffs have no duty to defend West Tech and/or Mallcraft from the claims made against them in the Underlying Arbitration.

32.     A justiciable controversy exists between the parties, including, but not necessarily limited to, the following: Whether Plaintiffs have a duty to defend West Tech and/or Mallcraft in the Underlying Arbitration under the CGL Policies and/or the Excess Policies, pursuant to the terms, conditions, limitations, and exclusions of those insurance policies.

33.     Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaration from the Court that they have no duty to defend West Tech and/or Mallcraft in the Underlying Arbitration.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief – No Duty to Indemnify – All Defendants)**

34.     Plaintiffs hereby repeat and re-allege each and every allegation contained in Paragraphs 1 through 33 as though set forth verbatim herein.

35.     Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the Parties under the CGL Policies and Excess Policies on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

36.     An actual and real controversy now exists herein between Plaintiffs and the Defendants as to whether insurance coverage is afforded under the CGL Policies and Excess Policies for the claims asserted against West Tech and Mallcraft in the Underlying Arbitration.  Plaintiffs contend that the claims asserted in the Underlying Arbitration are not covered under the CGL Policies and/or the Excess Policies.  Plaintiffs contend that they have no duty to indemnify West Tech and/or Mallcraft from the claims asserted against them in the Underlying Action, because, in part, the Underlying Arbitration does not seek to recover damages because of "property damage" caused by an "occurrence," from West Tech or Mallcraft, to which the CGL Policies and the Excess Policies might apply. Moreover, even if the District sought to recover from West Tech or Mallcraft on a claim for damages because of "property damage" caused by an "occurrence," which it does not, coverage would be excluded by application of the CGL Policies and the Excess Policies' exclusions.  Plaintiffs are informed and believe that the Defendants contend that the claims asserted against them in the Underlying Arbitration are covered under the CGL Policies and Excess Policies.  Therefore, Plaintiffs seek a determination of its rights and duties under the CGL Policies and Excess Policies, and a judgment in its favor that Plaintiffs have no duty to indemnify West Tech and/or Mallcraft for any damages awarded against them in the Underlying Arbitration.

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

37.   A justiciable controversy exists between the parties, including, but not necessarily limited to, the following: Whether Plaintiffs have a duty to indemnify West Tech and/or Mallcraft for any damages awarded against them in the Underlying Arbitration under the CGL Policies and/or Excess Policies, pursuant to the terms, conditions, limitations, and exclusions of those insurance policies.

38.   Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaration from the Court that it has no duty to indemnify West Tech and Mallcraft in the Underlying Arbitration.

### THIRD CAUSE OF ACTION

**(Declaratory Relief – Reimbursement of Defense
Fees and Expenses – All Defendants)**

39.   Plaintiffs hereby repeat and re-allege each and every allegation contained in Paragraphs 1 through 38 as though set forth verbatim herein.

40.   Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the Parties under the CGL Policies on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

39.   An actual and real controversy now exists herein between Golden Eagle and Ohio Casualty on one hand, and the Defendants on the other, as to whether Golden Eagle and Ohio Casualty are entitled to reimbursement for the defense fees and costs that they have incurred in providing a defense of the claims asserted against West Tech and Mallcraft in the Underlying Arbitration.  Golden Eagle and Ohio Casualty contend that the claims asserted in the Underlying Arbitration have never been, nor are they now, potentially covered under the CGL Policies, and that, pursuant to *Buss v. Superior Court* (1997) 16 Cal.4th 35, Golden Eagle and Ohio Casualty are entitled to reimbursement for all defense fees and costs they have incurred in providing West Tech and Mallcraft's defense in the Underlying Arbitration.  Golden Eagle and Ohio Casualty are informed and believe that West Tech and Mallcraft contend that Golden Eagle and Ohio Casualty are not

COMPLAINT FOR DECLARATORY RELIEF
CASE NO.:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

entitled to reimbursement for the defense fees and costs they have incurred in providing West Tech and Mallcraft's defense in the Underlying Arbitration. Therefore, Golden Eagle and Ohio Casualty seek a determination of their rights under the CGL Policies, and a judgment in their favor that they are entitled to reimbursement for all defense fees and costs they have incurred in providing West Tech and Mallcraft's defense in the Underlying Arbitration.

40.     A justiciable controversy exists between the Parties, including, but not necessarily limited to, the following: whether Golden Eagle and Ohio Casualty are entitled to reimbursement for the defense fees and costs they have incurred in providing West Tech and Mallcraft's defense in the Underlying Arbitration.

41.     Accordingly, pursuant to 28 U.S.C. § 2201, Golden Eagle and Ohio Casualty seek a declaration from the Court that they are entitled to reimbursement for the defense fees and costs they have incurred in providing West Tech and Mallcraft's defense in the Underlying Arbitration, along with an award of prejudgment interest on all defense fees and costs awarded.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, as follows:

1. For a declaration that Plaintiffs have no duty to defend West Tech and/or Mallcraft in the Underlying Arbitration under the CGL Policies and/or the Excess Policies, pursuant to the express terms and conditions of the CGL Policies and the Excess Policies;

2. For a declaration that Plaintiffs have no duty to indemnify West Tech and/or Mallcraft for any damages awarded against them in the Underlying Arbitration, pursuant to the express terms and conditions of the CGL Policies and the Excess Policies;

3. For a declaration that West Tech and Mallcraft are obligated to reimburse Golden Eagle and Ohio Casualty for the defense fees and costs they have incurred in providing West Tech and Mallcraft's defense in the Underlying Arbitration;

4. For an award of prejudgment interest on all defense fees and costs awarded;

COMPLAINT FOR DECLARATORY RELIEF
CASE NO.:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

5. For a declaration that Plaintiffs are the prevailing party in the action;

6. For costs of suit and fees incurred herein; and

7. For such further and other relief as the Court deems just and proper.

Dated:     July 19, 2019                ROPERS, MAJESKI, KOHN &
                                        BENTLEY


                                        By:/s/ *Blake J. Russum*
                                            BLAKE J. RUSSUM
                                            JACLYN D. CONOVER
                                            Attorneys for Plaintiffs
                                            GOLDEN EAGLE INSURANCE
                                            CORPORATION, THE OHIO
                                            CASUALTY INSURANCE
                                            COMPANY; and AMERICAN FIRE
                                            AND CASUALTY COMPANY

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City